IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERTO HERNANDEZ**, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiff,<br><br>v.<br><br>**DFA DAIRY BRANDS ICE CREAM, LLC**,<br><br>        Defendant. | Case No.: 3:23-cv-10139-MGM<br><br>Leave to File Granted on December 12, 2023 |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL, AND CERTIFICATION OF SETTLEMENT CLASS

Plaintiff Roberto Hernandez ("Plaintiff") and Defendant DFA Dairy Brands Ice Cream, LLC ("Defendant") (collectively referred to as the "Parties"), state as follows for their Joint Motion for Preliminary Approval of Settlement, Appointment of Class Representative and Class Counsel, and Certification of Settlement Class:

1. On December 5, 2022. Plaintiff filed this class action lawsuit against Defendant in the Superior Court of Hampden, Commonwealth of Massachusetts, asserting the following claims:

    Count I:  Violation of the Massachusetts Overtime Act, M.G.L. ch. 151 § 1A (Rule 23 Class Action)

    Count II: Violation of the Massachusetts Wage Act, M.G.L. ch. 149 § 148 (Rule 23 Class Action)

[ECF No. 1].

2. Defendant removed the action to this Court on January 20, 2023. *Id.*

3. On February 13, 2023, Defendants filed its Answer, which denied all of Plaintiff's allegations of unpaid work. Further, Defendant asserted 15 affirmative defenses, including, among

others: that Plaintiff and the putative class members were paid for all worked performed, that any alleged off-the-clock work must be offset by Defendant's payments to Plaintiff and the putative class for non-compensable work time, that the donning and doffing tasks are not compensable under the Portal-to-Portal Act, 29 U.S.C. § 259, and that alleged work was not compensable under the *de minimis* doctrine. [ECF No. 13].

4. Over the next several months, the Parties conducted numerous meet and confer conferences regarding Plaintiff's claims, the scope of the class, the parameters of discovery, and concerning numerous discovery disputes.

5. Ultimately the Parties agreed to exchange class-wide pay and time records in an effort to determine if early settlement negotiations could prove fruitful.

6. On June 20, 2023, after production and analysis of class-wide pay and time records, the Parties decided to attend mediation.

7. On September 6, 2023, the Parties attended a private mediation with well-respected wage and hour mediator Carole Katz of Pittsburgh, Pennsylvania.

8. After a full day, contentious mediation, the Parties were able to reach an agreement. Over the next several weeks, the Parties negotiated and finalized the long-form settlement agreement, which is now before the Court for preliminary approval.

9. For the reasons set forth in this Joint Motion, the Parties request entry of an order (1) preliminarily certifying the proposed Settlement Class under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"); (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing the Plaintiff as the representative for the Class Members, and Class Counsel as counsel for the Class Members; (4) approving the Parties' proposed form for Notice of the proposed Settlement to Class Members (and the accompanying opt-out form); and (5) scheduling a hearing on the final

approval of the Settlement and approval of the application of Class Counsel and Plaintiff for his requested attorneys' fees, litigation expenses, and enhancement award.

| | |
|---|---|
| Date: December 14, 2023 | Respectfully Submitted, |
| | |
| */s/ Brodie W. Herrman (w/consent)* | */s/ Kevin J. Stoops* |
| Brodie W. Herrman (pro hac vice) | Kevin J. Stoops (admitted Pro Hac Vice) |
| Patrick F. Hulla (pro hac vice) | Jesse L. Young (admitted Pro Hac Vice) |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | Albert J. Asciutto (admitted Pro Hac Vice) |
| 700 West 47th Street, Suite 500 | SOMMERS SCHWARTZ, P.C. |
| Kansas City, MO 64112 | One Towne Square, 17th Floor |
| Tel: (816) 471-1301 | Southfield, MI 48076 |
| patrick.hulla@ogletree.com | Tel: (248) 355-0300 |
| brodie.herrman@ogletree.com | kstoops@sommerspc.com |
| | jyoung@sommerspc.com |
| | aasciutto@sommerspc.com |
| Diane M. Saunders, Esq. (BBO# 562872) | |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | Benjamin K. Steffans (BBO# 568535) |
| One Boston Place, Suite 3500 | Steffans Legal PLLC |
| Boston, MA 02108 | 10 Wendell Ave. Ext. Ste 208 |
| Tel: (617) 994-5700 | Pittsfield, MA 01201 |
| diane.saunders@ogletreedeakins.com | Tel: (413) 418-4176 |
| | bsteffans@steffanslegal.com |
| | |
| *Attorneys for Defendant* | *Attorneys for the Plaintiff and the Putative Class Members* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will automatically send notice of such filings to all counsel of record.

                                                   */s/ Kevin J. Stoops*
                                                   Kevin J. Stoops (admitted *Pro Hac Vice*)